USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/3/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

ANGEL LUIS TORRES,

                    Plaintiff,

   - against -

THE CITY OF NEW YORK, et al.,

                    Defendant.

----------------------------------------X

04 Civ. 3311 (RWS)

MEMORANDUM OPINION

**Sweet, D.J.,**

       The letter motion of the Plaintiff dated April 2, 2007, and received by the Court on April 26, 2007, was made returnable on May 2, 2007. At issue is the redacted material contained in five Civilian Complaint Review Board ("CCRB") reports, three of which involve complaints of excessive force against the defendant officers.

       While such material might be of sufficient relevance to overcome the privacy interest of the complainants and other witnesses on the issue of the intent of the individual officers, see Barrett v. City of New York, 237 F.R.D. 39, 41 (E.D.N.Y. 2006); Pacheco v. City of New York, et al., 234 F.R.D. 53, 55 (E.D.N.Y. 2006), it appears from the submissions that the Plaintiff seeks the identification of the complainants and other witnesses in connection with his Monell claim. Since unsubstantiated CCRB complaints are generally insufficient to establish a Monell claim,

see Pacheco, 234 F.R.D. at 55 (citing Sealey v. Fishkin, No. 96 CV 6303(RR), 1998 WL 1021470, at *3 (E.D.N.Y. Dec. 2, 1998); Marcel v. City of New York, No. 88 CIV 7017 (LLS), 1990 WL 47689, at *8-9 (S.D.N.Y. Apr. 11, 1990); Law v. Cullen, 613 F. Supp. 259, 262-63 (S.D.N.Y. 1985)), and since the redacted CCRB reports are sufficient to show that the City had knowledge of the individual defendant officers' complaint histories, see Harper v. Port Auth. of N.Y. & N.J., No. 05 Civ. 5534(BSJ)(RLE), 2006 WL 1910604, at *2 (S.D.N.Y. July 10, 2006), an adequate purpose to require the identification of the complainants and other witnesses has not been established. See King v. Conde, 121 F.R.D. 180, 198 (E.D.N.Y. 1988) ("except for reasonable redactions of names and addresses to protect privacy . . . , plaintiffs in federal civil rights actions are presumptively entitled to . . . documents on prior complaints").

Accordingly, the motion to compel removal of the redactions is denied.

It is so ordered.

New York, NY
May 3, 2007

_____
ROBERT W. SWEET
U.S.D.J.

2